**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

**EDGAR ALLEN HAYES,**            :

    **Petitioner,**                :

**vs.**                           :       **CIVIL ACTION 03-0877-WS-B**

**WARDEN CHERYL PRICE, et al.,**  :

    **Respondents.**               :

**REPORT AND RECOMMENDATION**

    Edgar Allen Hayes, a state prisoner currently in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).  The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 8 (b)(1).  The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case.  Following a complete review of this action, it is recommended that the habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Cheryl Price and against Petitioner Edgar Allen Hayes on all claims.[1]

    The record before the Court reflects that on September 16,

---

[1] Petitioner filed a motion requesting a ruling in his case (Doc. 12).  In light of this Report and Recommendation, the motion is now **MOOT**.

1

1993, Petitioner was found guilty after a trial by jury of attempted murder and was sentenced as a habitual offender to a term of life imprisonment (Doc. 10[2], Exhibit A). Petitioner's counsel gave oral notice of appeal at sentencing, and his trial attorney was appointed to continue his representation through the direct appeal process.

On direct appeal, Petitioner raised four issues: 1) he was denied a speedy trial; 2) he was sentenced without a formal adjudication of guilt; 3) he was unlawfully sentenced as an habitual offender; and 4) the trial court judge erred by not inquiring into accusations that several jurors had formed a premature opinion of his guilt (Exh. C-1). On April 15, 1994, the Alabama Court of Criminal Appeals issued a memorandum opinion holding that Petitioner's first three issues were without merit, and that the issue of juror misconduct was to be remanded to the trial court for further investigation (Id.).

Subsequent thereto, the trial court conducted a hearing concerning the alleged juror misconduct and concluded that Petitioner's juror misconduct claim was without merit. On appeal, the appeals court affirmed Petitioner's conviction and resulting sentence (Exh. D-1). Petitioner filed an application for rehearing, which was overruled without opinion on August

---

[2]All exhibits were submitted along with Document 10.

19, 1994 (Exh. G).  Petitioner did not file a writ of certiorari with the Supreme Court of Alabama; thus, the Court of Criminal Appeals issued a certificate of judgment on September 6, 1994 (Id.).

On July 1, 1996, Petitioner filed a Rule 32 petition for post conviction relief in the Mobile County Circuit Court (Exh. E).  In his Rule 32 petition, Petitioner raised two claims: 2) his counsel was ineffective at trial and appeal; and 2) his constitutional rights were violated when he was not allowed to be present at the juror misconduct hearing (Id.).   On August 8, 1996, the trial court summarily denied the Rule 32 petition. Petitioner filed a timely appeal to the Alabama Court of Criminal Appeals (Exh. F-2).  On January 17, 1997, the appeals court affirmed the denial of the Rule 32 petition (Exh. F-1). Petitioner's application for rehearing was overruled on February 28, 1997, and the Court of Criminal Appeals issued a final certificate of judgment on March 18, 1997[3] (Exhs. H-1, H-2).

On December, 23, 2003, Petitioner filed this present petition for habeas corpus with this Court, in which he raises the following claims: 1) the jury was biased because some members of the jury voiced their opinion during trial that Hayes

---

[3] Petitioner did not file a petition for writ of certiorari with the Alabama Supreme Court.

3

was guilty; 2) Hayes was prejudiced because he was not allowed to be present at the hearing to determine whether members of the jury were biased; 3) Petitioner's trial and appellate counsel was ineffective at trial and on appeal.

In an Answer filed on March 25, 2004, Respondents state that habeas relief should be denied because Petitioner's claims are barred by the one-year statute of limitations and are procedurally defaulted.  Petitioner filed a "traverse" in response to Respondent's answer (Doc. 11).  In his response, Petitioner asserts that his petition should be considered even though it is procedurally defaulted because the procedural default bar is based upon an unconstitutional rule of law.  He also alleges that a fundamental miscarriage of justice will result if the trial court record is not filed for this Court's consideration.

**II. Discussion**

The record before the Court shows that Petitioner's conviction became final <u>before</u> April 24, 1996, the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996, § 101(Supp. II 1997) ("AEDPA").  AEDPA provides that a defendant has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a

federal habeas corpus petition.  28 U.S.C. § 2244(d)(1)(A). However, if a defendant's conviction becomes final <u>before</u> the effective date of AEDPA, which is what occurred in this case, the United States Court of Appeals for the Eleventh Circuit has found that the one-year limitation period in AEDPA begins to run on the statute's effective date of April 24, 1996, rather than on the date the conviction became final as indicated in 28 U.S.C. § 2244(d)(1)(A).  See <u>Guenther v. Holt</u>, 173 F.3d 1328, 1331 (11th Cir.), <u>cert. denied</u>, 528 U.S. 1085, 120 S.Ct. 811, 1451 L.Ed.2d 683 (1999); <u>Wilcox v. Florida Dep't of Corrections</u>, 158 F. 3d 1209, 1211 (11th Cir.), <u>cert</u>. <u>denied</u> <u>sub</u> <u>nom</u>., <u>Wilcox v. Moore</u>, 531 U.S. 840, 121 S.Ct. 103, 148 L.Ed.2d 62 (2000)(citations omitted).

In the case sub judice, Petitioner's conviction became final on September 6, 1994, which is <u>before</u> the effective date of the AEDPA; thus, Petitioner had until April 23, 1997 to seek federal habeas review.  Petitioner's habeas corpus petition was not filed in this Court until December 23, 2003, over five years after the grace period had expired on April 23, 1997.  (Doc. 1).

The AEDPA also provides that, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of

5

limitation under this subsection." 28 U.S.C. § 2244(d)(2). Petitioner's Rule 32 petition was timely filed on July 1, 1996[4]. This timely filed Rule 32 petition tolled the limitations period from July 1, 1996 until March 18, 1997, when the certificate of judgment was issued. Therefore, Petitioner had 297 days in which to file a timely federal habeas petition following the dismissal of his Rule 32 petition[5]. However, Petitioner waited almost 5 years to file his federal habeas petition.

Before recommending dismissal due to the untimeliness of the petition, the undersigned is required to ascertain whether Petitioner has pled extraordinary circumstances which require a contrary conclusion. As the Eleventh Circuit has stated,

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of

---

[4]Rule 32.2, Ala. R. Crim. P., was amended, effective August 1, 2002, to change the time period in which a defendant could file a Rule 32 petition from two years to one year. See Commentary, Rule 32.2, Ala. R. Crim. P. Therefore, since Petitioner's certificate of judgment was issued in 1994, he had  two years in which to file a timely Rule 32 petition.

[5]In Respondent's Answer, she asserts, without offering any evidentiary support, that Petitioner filed a second Rule 32 petition on December 28, 1998, that the petition was denied, and that it became final on November 1, 1999 when no appeal was filed. The undersigned notes that Petitioner has not disputed Respondent's assertions, and that assuming Respondent's assertions are accurate, the second petition would not have tolled the limitations period in this case because it was filed beyond the two year limitations period that was then contained in Rule 32.2.

6

> extraordinary circumstances that are both beyond his control and unavoidable even with diligence." <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999). Equitable tolling is an extraordinary remedy which is typically applied sparingly. <u>See</u> <u>Irwin v. Dept. Of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

<u>Steed v. Head</u>, 219 F.3d 1298, 1300 (11th Cir. 2000). <u>See</u> <u>also</u> <u>generally</u> <u>Knight v. Schofield</u>, 292 F.3d 709 (11th Cir. 2002). In <u>Helton v. Secretary of the Department of Corrections,</u> 259 F.3d 1310 (11th Cir.), <u>cert.</u> <u>denied</u>, __ U.S. __, 122 S.Ct. 1965 (2002), the Eleventh Circuit held as follows:

> The "extraordinary circumstances" standard applied in this circuit focuses on the circumstances surrounding the late filing of the habeas petition, rather than the circumstances surrounding the underlying conviction. <u>See</u> <u>Steed</u>, 219 F.3d at 1300; <u>Sandvik</u>, 177 F.3d at 1270-72. The circumstantial nature of the case against Helton does not relate to the circumstances, if any, justifying his failure to timely file his section 2254 petition. The district court erred, therefore, in focusing upon the merits of the case to justify equitable tolling. (footnote omitted).

<u>Id</u>., at 1314.

See also <u>Miller v. New Jersey State Dept. of Corrections</u>, 145 F.3d 616, 618-19 (3rd Cir. 1998)("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable

diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, in the Eleventh Circuit, as a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." Helton v. Secretary of Dept. of Corrections, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080, 122 S.Ct. 1965 (2002); Drew v. Department of Corrections, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

In his "traverse" to Respondents' Answer, which asserted that his petition is both time-barred and procedurally barred, Petitioner does not assert any excuse or explanation for his late habeas petition (Doc. 11). Instead, he states that the failure to review the trial transcript would result in a fundamental miscarriage of justice and that the procedural default rule is unconstitutional as applied to the poor and imprisoned.

Petitioner has not asserted any claims of actual innocence in his traverse to this Court, nor has he offered any new evidence to sustain such an assertion. Petitioner's only claim is that a fundamental miscarriage of justice will result if this Court does not decide his case on the merits, notwithstanding

8

the procedural defects in his case.  Petitioner is silent as to whether any extraordinary circumstances exist that would permit equitable tolling of his petition.  He has not sought to explain why his petition was filed nearly five years after the statute of limitations had run.   Based on the record before the Court, the undersigned finds that the Petitioner has failed to meet his heavy burden of showing that he exercised reasonable diligence in bringing forth his habeas petition and that the petition was untimely filed through no fault of his own.

### III.    Conclusion

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondents Warden Cheryl Price and the State of Alabama and against Petitioner Edgar Allen Hayes pursuant to 28 U.S.C. § 2244(d).

The attached sheet contains important information regarding objections to this recommendation.

**DONE** this the **22nd** day of **June, 2005**.

S/ SONJA F. BIVINS
UNITED STATES MAGISTRATE JUDGE

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten

(10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

**DONE** this the **22nd** day of **June, 2005**.

s/Sonja F. Bivins

**UNITED STATES MAGISTRATE JUDGE**